## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

ROYAL SIAM CORPORATION, *ET AL.*,
   Plaintiffs

                                Civil No. 04-1843 (HL)

v.

TOM RIDGE, SECRETARY OF THE DEPARTMENT OF
HOMELAND SECURITY, *ET AL.*,
   Defendants.


## OPINION AND ORDER


     Before the Court are Plaintiffs Royal Siam Corporation and Surasak Srisang's motion for declaratory judgment[1] and Defendants Department of Homeland Security ("DHS"); United States Citizenship and Immigration Services ("USCIS"); Robert P. Wiemann, Director of the USCIS Administrative Appeals Office ("AAO"); and Paul E. Novack, Director of the Vermont Service Center's motion for summary judgment.[2] After requesting an extension of time, Plaintiffs filed an opposition to Defendants' motion for summary judgment.[3]

     For the reason set forth below, Plaintiffs' motion for declaratory judgment is denied and Defendants' motion for summary judgment is granted.


## SCOPE OF REVIEW UNDER THE APA

     Plaintiffs have filed this action pursuant to the Administrative Procedures Act (APA), 5 U.S.C. § 701, *et seq*. Plaintiffs contend that Defendant United States Citizenship and

---

[1] Dkt. Nos. 25, 26.

[2] Dkt. Nos. 28, 29.

[3] Dkt. No. 31.

2

Immigration Services' ("USCIS") –a division of the United States Department of Homeland Security– decision denying Srisang's application for an H-1B category visa constitutes a reversible error of law. The Court's scope of review in this case is limited. Under the APA, the USCIS's decision may be reversed only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." APA, 5 U.S.C. § 706(2)(A). *See also Garavito v. INS,* 901 F.2d 173, 174 (1st Cir. 1990); *Tapis Int'l v. INS,* 94 F.Supp.2d 172, 174 (D.Mass. 2000); *Augat, Inc. v. Tabor,* 719 F.Supp. 1158, 1160 (D.Mass. 1989).

## STANDARD OF REVIEW UNDER RULE 56(c)

Under Rule 56(c) of the Federal Rules of Civil Procedure, the Court will grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue exists if there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial. *Morris v. Gov't Dev. Bank of Puerto Rico,* 27 F.3d 746, 748 (1st Cir.1994); *LeBlanc v, Great Am. Ins. Co.,* 6 F.3d 836, 841 (1st Cir.1993).   A fact is material only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986).  In determining if a material fact is "genuine" the Court does not weigh the facts but, instead, ascertains whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. *See also Leary v. Dalton*, 58 F.3d 748, 751 (1st Cir.1995).

Once a party moves for summary judgment, it bears the initial burden.  Specifically, "'a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [evidence] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Crawford-El v. Britton*, 523 U.S. 574, 600  n.22, 118 S.Ct. 1584, 1598  n.22 (1998) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986)). Once this threshold is met, the burden shifts

3

to the nonmoving party.  The nonmovant may not rest on mere conclusory allegations or wholesale denials. *See* Fed.R.Civ.P. 56(e); *Libertad v. Welch*, 53 F.3d 428, 435 (1st Cir.1995). Instead, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).  Furthermore, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986).

To aid the Court in the task of identifying genuine issues of material fact in the record, the District for Puerto Rico has adopted Local Rule 56 (formerly Local Rule 311.12). D.P.R. L.Civ.R 56(b)-(c).  Local Rule 56(b) requires that a party moving for summary judgment submit, in support of the motion, "a separate, short, and concise statement of material facts as to which the moving party contends there is  no genuine issue to be tried and the basis of such contention as to each  material fact, properly supported by specific reference to the record." *Id.; see also Leary,* 58 F.3d at 751.  Further, "[a] party opposing a motion for summary judgment shall submit with its opposition a separate, short and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation . . ." D.P.R. L.Civ.R 56(c).  "Where the party opposing summary judgment fails to comply, the rule permits  the district court to treat the moving party's statement of facts as uncontested." *Alsina-Ortiz v. Laboy*, 400 F.3d 77, 80 (1st Cir. 2005). The Court will only consider the facts alleged in the parties' Local Rule 56 statements when entertaining the movant's arguments. *Rivera v. Telefonica de Puerto Rico*, 913 F.Supp. 81, 85 (D.P.R. 1995).

## BACKGROUND

The facts in this case are not disputed.[4] On November 4, 1999, Plaintiff Surasak Srisang,

---

[4] Plaintiffs have failed to file an opposing statement of material facts as required by Local Civil Rule 56(c). D.P.R. L.Civ.R. 56(c). Thus, the facts contained in Defendants' supporting statement of material facts, where supported by sufficient record citation, are deemed admitted. *See* D.P.R. L.Civ.R. 56(e).

4

a citizen of Thailand, was granted an H-1B "specialty occupation" employment visa to work as a restaurant manager for Royal Thai Restaurant in Old San Juan, Puerto Rico for a term of three years.[5] Prior to the end of this three-year period, Plaintiff Royal Siam Corporation, offered Srisang a restaurant manager position at their Thai food restaurant in Isla Verde, Carolina.  The Royal Siam restaurant has between six and eight (6-8) employees and a gross annual income of $437,522.00. On or about October 15, 2002, Plaintiffs' petition for a renewal of Srisang's H-1B petition was filed with Defendant DHS (specifically, its Processing Unit of the Vermont Service Center ("VSC")). Plaintiffs assert that the restaurant manager position qualifies as a "specialty occupation" within the meaning of 8 U.S.C. § 1184 and associated regulations promulgated thereunder, and that Srisang is therefore entitled to an H-1B visa.

On October 24, 2002, the USCIS requested additional information from Plaintiffs, namely evidence that a baccalaureate degree in a specific field of study is a standard minimum requirement for the position, as well as information concerning duties, responsibilities, and personnel history of other employees currently employed in the position of restaurant manager. Plaintiffs responded to this request by submitting information which included a letter from a competitor stating that the industry norm requires that restaurant managers hold a baccalaureate degree in business administration or its equivalent.

On January 27, 2003, Srisang's I-129 H-1B visa petition was denied. Plaintiff's filed a timely appeal with the USCIS Administrative Appeals Office (AAO). On May 21, 2004, the AAO upheld the denial, finding that Plaintiffs' did not establish the criteria required for classification of the position as a "specialty occupation." Relying on the United States. Department of Labor's *Occupational Outlook Handbook*, the AAO found that Srisang's duties resemble those performed by a food service manager and that a baccalaureate degree is not required for the position and that the position is not so complex or unique that it can be performed only by an individual with a degree.

---

[5] An H-1B visa  is a temporary non-immigrant visa available to aliens for work in specialty occupations. *See* Immigration and Nationality Act, § 101(a)(15)(H)(i)(b); 8 U.S.C. § 1101(a)(15)(H)(i)(b).

Plaintiffs filed an action before this Court on August 16, 2004, seeking a declaratory judgment, as well as preliminary and permanent injunctive relief. A hearing on Plaintiffs' petition for a preliminary injunction was heard on September 1, 2004. At the hearing the Court ordered a stay of all removal or deportation proceedings against Srisang. Defendants subsequently filed a motion for summary judgment and an alternative motion for remand. On December 29, 2004, the Court entered an opinion and order denying Defendants' summary judgment motion and granting Defendants' motion for remand, thereby remanding the case back to the Administrative Appeals Office (AAO) of the United States Citizenship and Immigration Services.[6] In said opinion, the Court held that although a prior visa decision is not binding precedent, the USCIS's failure to provide an explanation of why it decided to deny Srisang's H-1B visa petition after it had previous granted him an H-1B visa for an equivalent position constituted an abuse of discretion. Thus, the Court remanded the case to the AAO of the USCIS to "reconsider its decision and explain the change in circumstances, if any, or other factors warranting the denial of Srisang's petition after previously granting him an H-1B visa for employment as a restaurant manager for an equivalent employer." Dkt. No. 23, p.8.

On February 22, 2005, the AAO issued a second decision on Plaintiff's appeal, affirming its 2004 decision denying Srisang's petition to extend his H-1B employment.[7]  The AAO's decision concludes that petitioner had failed to establish that the proffered position of restaurant manager qualifies as a specialty occupation under any of the regulatory avenues open to employers who seek to hire H-1B workers because the occupation of restaurant manager does not normally require those seeking entry-level employment to have the minimum of a baccalaureate or higher degree, or its equivalent, and the record does not indicate that the duties of this particular position reflect a higher level of knowledge or skill than that normally required of food service managers. The AAO also concluded that the USCIS Director had erred when he approved Srisang's 1999 H-1B petition because there was no basis on which the

---

[6] Dkt. No. 23.

[7] *See* Dkt. No. 29-5, Ex. C.

position could have qualified as a specialty occupation under applicable regulations and the Attorney General had previously determined that Srisang entered into a marriage for the purpose of evading immigration laws.

Plaintiffs subsequently filed a motion for declaratory judgment asserting that the AAO's decision of February 22, 2005, constitutes an abuse of discretion and is erroneous as a matter of law, and requesting that the Court recognize that Srisang is entitled to an extension of his previously approved visa. Defendants in turn moved for summary judgment that the AAO's decision to deny Srisang's non-immigrant worker petition should not be upset because it was not arbitrary and capricious.

## DISCUSSION

The H-1B classification non-immigrant employment visa allows an alien to be temporarily admitted to the United States to "perform services . . . in a specialty occupation." 8 U.S.C. § 1101(a)(15)(H)(i)(b). To meet the requirements for an H-1B visa, the position that the alien seeks to occupy must qualify as a "specialty occupation" and the alien must be qualified to perform services in that occupation. *Tapis Int'l v. INS*, 94 F.Supp.2d 172, 174 (D.Mass. 2000). A specialty occupation is defined as an occupation that requires "theoretical and practical application of a body of highly specialized knowledge, . . . and attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation." 8 U.S.C. § 1184(I)(1); 8 C.F.R..§ 214.2(h)(4)(ii). Additionally, to qualify as a specialty occupation, the position must meet one of the following criteria:

(1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;

(2) The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;

(3) The employer normally requires a degree or its equivalent for the position;

(4) The nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.

8 C.F.R. § 214.2(h)(4)(iii)(A).

7

The AAO found that the job duties and responsibilities identified in the record for the position of restaurant manager at Royal Siam Restaurant are that of a "food services manager" as defined by the United States Department of Labor's *Occupational Outlook Handbook*. The *Occupational Outlook Handbook* provides that the position of food services manager does not require an educational degree. Hence, the AAO concluded that the petitioner is unable to establish that the position of restaurant manager qualifies as a speciality occupation under the criterion of 8 C.F.R. § 214.2(h)(4). The AAO also found that Srisang was not entitled to an H-1B visa because the Attorney General had previously made a determination that Srisang had entered into a marriage for the purpose of evading immigration laws. 28 U.S.C. § 1154(c)(2) provides that "no petition shall be approved if . . . the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws." 28 U.S.C. § 1154(c)(2).

The Court finds that the determination by the AAO that Srisang was not entitled to an H-1B visa renewal because his proffered job position did not qualify as a "specialty occupation" and because the Attorney General had determined that Srisang had entered into a marriage with the purpose of circumventing immigration laws was supported by substantial evidence in the record and relied upon a proper understanding of applicable law. Therefore, the AAO's decision was not arbitrary, capricious, or an abuse of discretion. *See* 5 U.S.C. § 706(2)(A).

In their motion for declaratory judgment, Plaintiffs contend that the AAO's decision of February 22, 2005 constitutes an abuse of discretion and is erroneous as a matter of law because it failed to provide a reasonable explanation for the divergence between the USCIS's 1999 decision granting Srisang an H-1B visa and the agency's 2004 decision denying Srisang's H-1B visa extension petition. The Court finds this argument to be wholly devoid of merit. A prior visa decision is not binding precedent. *See* 8 C.F.R. §§ 103.3(c) & 103.8(d). In situations –such as the one presented here– where the USCIS rightfully denies a renewal of a visa that had initially been erroneously granted, the agency must provide an explanation why the previous grant of the visa was erroneous. *See Tapis Int'l,* 94 F.Supp.2d at 177; *Omni*

*Packaging, Inc. v. INS*, 733 F.Supp.500, 504 (D.P.R. 1990). The AAO's decision of February 22, 2005, presents a detailed, thoughtful, and comprehensive analysis outlining the reasons that its 1999 decision to approve Srisang's H-1B position had been erroneous: namely because (1) the proffered position of restaurant manager did not qualify as a "specialty occupation" under the governing statutes and regulations, and (2) the agency was precluded from granting the petition because of the Attorney General's findings concerning Srisang's fraudulent marriage. Thus, the USCIS has satisfied its obligation to provide an explanation for its departure from the 1999 decision granting Srisang an H-1B visa.

As stated at the outset, the Court's review of the USCIS's decision is constrained. The agency's decision may be reversed only if it is "arbitrary, capricious, or an abuse of discretion or otherwise not in accordance with law." *Augat, Inc.,* 719 F.Supp. at 1160 (quoting 5 U.S.C. § 706(2)(A)). The AAO's February 22, 2005 decision was supported by substantial evidence, relied upon a proper understanding of applicable law, and provided a sufficient explanation for the agency's deviation from its 1999 H-1B visa approbation. Hence, the agency's decision is not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* Therefore, the USCIS's decision denying Sriang's second H-1B visa petition cannot be disturbed by this Court.

### CONCLUSION

For the aforementioned reasons, Defendants' motion for summary judgment is **granted**. As such, Plaintiffs' motion for a declaratory judgment is **denied**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 24, 2006.

S/ HECTOR M. LAFFITTE
United States District Judge